

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

Musafiri G. KABENGA,

        Petitioner

v.

Eric H. HOLDER, Jr., Attorney General of the United
States; U.S. DEPARTMENT OF JUSTICE;
R. Gil KERLIKOWSKE, Commissioner of U.S.
Customs and Border Protection; James T. MADDEN,
New York Field Office Director, U.S. Customs and
Border Protection; U.S. CUSTOMS AND BORDER
PROTECTION; Jeh JOHNSON, Secretary of
Homeland Security; U.S. DEPARTMENT OF
HOMELAND SECURITY,

        Respondents

-------------------------------------------------------------------

Case No. **14 CV 9084**

Immigration File No. A028-510-715

**PETITION FOR WRIT OF
HABEAS CORPUS**



### INTRODUCTION

1.     Petitioner, Musafiri G. Kabenga (Petitioner or "Mr. Kabenga"), hereby seeks

review of the order of removal issued by the Varick Street Immigration Court on November 10,

2014 ordering him removed to the Democratic Republic of Congo. *See* Removal Order (Ex. F).[1]

### PARTIES

2.     Petitioner Musafiri G. Kabenga is a 55-year-old citizen of the Democratic

Republic of Congo ("DRC"). Mr. Kabenga lawfully resided in the United States from 1985 until

2013, when he was removed to the DRC. He returned to the United States on July 28, 2014. Mr.

---

[1] All exhibits are attached to the Declaration of Amy V. Meselson, dated November 13, 2014
("Meselson Declaration"), and filed contemporaneously with this petition. The facts stated in
this petition that are not directly supported by those documents are based on statements made by
Petitioner to undersigned counsel on November 10, 2014 during an in-person meeting, and are
asserted to be true on information and belief. Counsel has filed a request with the Executive
Office for Immigration Review for Petitioner's complete file, but has not yet received that file.
Counsel for the U.S. Department of Homeland Security served some of the documents from that
file on Petitioner during the proceedings before the Varick Street Immigration Court. All
relevant documents served by DHS counsel are attached to the Meselson Declaration.

Kabenga was ordered removed by the Varick Street Immigration Court on November 10, 2014.

Mr. Kabenga has been detained by the U.S. Department of Homeland Security ("DHS") since

July 28, 2014. He is presently detained at the Hudson County Correctional Facility in Kearny,

New Jersey.

3.      Respondent Eric H. Holder, Jr., is the Attorney General of the United

States. In this capacity, he is responsible for the administration of the immigration laws as

exercised by the Executive Office for Immigration Review and is legally responsible for

administering Petitioner's removal proceedings and the standards used in those proceedings.

Respondent Holder is sued in his official capacity. Respondent Holder's address is: Attorney

General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue, N.W.,

Washington, District of Columbia 20530.

4.      Respondent U.S. Department of Justice ("DOJ") is responsible for enforcing the

immigration laws in the United States. DOJ houses the Executive Office for Immigration

Review, of which the Immigration Courts and the Board of Immigration Appeals are

components. Respondent DOJ's address is: U.S. Department of Justice, 950 Pennsylvania

Avenue, N.W., Washington, D.C. 20530.

5.      Respondent R. Gil Kerlikowske is the Commissioner of U.S. Customs and Border

Protection ("CBP"). In this capacity, he is responsible for the administration of the immigration

laws relating to the admission of individuals into the United States. Respondent Kerlikowske is

sued in his official capacity. Respondent Kerlikowske's address is: Commissioner of U.S.

Customs and Border Protection, 1300 Pennsylvania Ave. N.W., Washington, D.C. 20229.

6.      Respondent James T. Madden is the Field Office Director for the New York Field

Office of CBP. In this capacity, he is responsible for the enforcement of the immigration laws

relating to the admission of individuals into the United States through ports of entry located in New York. Respondent Madden is sued in his official capacity. Respondent Madden's address is: Field Office Director, U.S. Customs and Border Protection, New York Field Office, One Penn Plaza 11th floor, New York, NY 10119

7.     Respondent CBP is the agency that is charged with implementing and enforcing United States laws relating to the admission of individuals into the United States. CBP issued a removal order against Mr. Kabenga on July 28, 2014. Respondent CBP's address is: U.S. Customs and Border Protection, 1300 Pennsylvania Ave. N.W., Washington, D.C. 20229.

8.     Respondent Jeh Johnson is the Secretary of Homeland Security. In this capacity, he is responsible for the enforcement of the immigration laws by the U.S. Department of Homeland Security ("DHS"). Respondent Johnson is sued in his official capacity. Respondent Johnson's address is: Secretary of Homeland Security, Washington, D.C. 20528

9.     Respondent DHS is the agency ultimately responsible for implementing and enforcing United States laws relating to the admission of individuals into the United States. CBP is a component of DHS. Respondent DHS's address is: U.S. Department of Homeland Security, Washington, D.C. 20528.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction pursuant to 8 U.S.C. § 1252(e)(2)(C), 28 U.S.C. § 2241, and 28 U.S.C. § 1331. This Court also has jurisdiction pursuant to Article I, Section 9, Clause 2 of the United States Constitution.

11.     Venue in the Southern District of New York is appropriate because the removal order of which this petition seeks review was affirmed by the Varick Street Immigration Court, located at 201 Varick Street, New York, New York.

## FACTUAL BACKGROUND

12.     Mr. Kabenga is a 55-year-old citizen of the Democratic Republic of Congo ("DRC"). He lawfully entered the United States in 1985 with a student visa.[2] His visa was based on a scholarship from the government of what was then Zaire[3] to train as an airplane maintenance technician at the Chanoute U.S. Air Force Base located in Champaign County, Illinois. After completing the program in airplane maintenance, Mr. Kabenga enrolled as a student at the University of Nebraska, where he studied International Relations. He attended the University of Nebraska for three years.

13.     Mr. Kabenga married a U.S. citizen and, in 1993, adjusted his status to that of lawful permanent resident based on his marriage. Mr. Kabenga has two U.S. citizen children, ages 6 and 11. Both of his children reside in the United States.

14.     In 2002, Mr. Kabenga was working as a cab driver in Dallas, Texas. In the early morning of May 19, 2002, Mr. Kabenga received a dispatch to pick up a customer at a night club. He drove to the night club and pulled up in front of the entrance to wait for the customer. While parked, an off-duty police officer who was working as a security guard for the night club approached Mr. Kabenga and told him to move his car. Mr. Kabenga informed the officer that he was waiting for a customer and would be leaving soon. The officer then walked away from Mr. Kabenga's car without ordering him to move again. Shortly thereafter, the officer returned

---

[2] For a summary of the chronology of Petitioner's immigration case, see Timeline of Selected Key Events (Ex. L).

[3] The country now called Democratic Republic of Congo was known as Zaire from 1965 until 1997. *See* CIA World Fact Book (available at https://www.cia.gov/library/publications/the-world-factbook/geos/cg.html).

and again told Mr. Kabenga that he had to move. While the police officer was standing outside

of the car on the driver's side, Mr. Kabenga started to back up in order to pull away from the

curb and comply with the officer's order. The officer then reached into the car through the

driver's window and turned off the ignition. He arrested Mr. Kabenga and alleged that Mr.

Kabenga had assaulted him with his car.[4]

15.     Even though Mr. Kabenga believed himself to be innocent of the charge, he pled

guilty to violating Texas Penal Code § 22.02(b)(2), Aggravated Assault Against a Public

Servant, based on his understanding that his conviction would ultimately be expunged and

sealed, that he would serve no time in prison, and that the conviction would not affect his

eligibility to become a U.S. citizen, which he was planning to do at the time. Mr. Kabenga

received a probated sentence of ten years.

16.     On January 5, 2012, DHS issued a Notice to Appear in Removal Proceedings

("NTA"), charging Mr. Kabenga with 8 U.S.C. § 1227(a)(2)(A)(iii), which makes a conviction

for an "aggravated felony" a ground for removal. In support of that charge, DHS relied on a

March 27, 2009 conviction resulting from a finding that Mr. Kabenga had violated the probation

to which he was sentenced in 2002.[5] Mr. Kabenga was detained in the custody of DHS during

---

[4] The officer who arrested Mr. Kabenga, Sgt. Hector Roa, was fired from the Dallas Police
Department in 2011 based on several incidents, including: "an off-duty February 2010 incident
in which authorities say he fought with and pulled a gun on a . . . bar owner and bouncer in a
drunken rage as they tried to get him to leave at closing time," and "an incident that occurred in
September 2010 where he hit a parked car in the parking garage of his apartment complex" and
was alleged to have been intoxicated. Tanya Eiserer, "Twice-fired Dallas cop arrested, accused
of stealing motorist's gun; two other officers fired in separate scuffles," dallasnews.com (June
29, 2011) (Ex. K).

[5] The Immigration Court and Board of Immigration Appeals decisions in Mr. Kabenga's 2012
removal case refer to the March 27, 2009 conviction as a conviction for "Aggravated Assault
Against a Public Servant, in violation of Texas Penal Code Section 22.02(b)(2)," without
specifying that the original conviction occurred in 2002, and the 2009 conviction was based on a

his removal proceedings.  He was unable to afford a lawyer and therefore proceeded *pro se* at all

stages in those proceedings.

       17.     In a decision dated March 19, 2012, the Immigration Judge ("IJ") ordered Mr.

Kabenga removed based on the aggravated felony charge.  The IJ decision, however, contains no

reasoning, and cites no authority, in support of the conclusion that Texas Penal Code §

22.02(b)(2), along with a term of imprisonment of one year or more,[6] is a "crime of violence"

aggravated felony pursuant to 8 U.S.C. § 1101(a)(43)(f).  *See* I.J. Dec. at 2[7] n.4 (Ex. D).  In fact,

the IJ only states that the conviction is an aggravated felony in a footnote, where it is mentioned

in passing by way of explaining why Mr. Kabenga was not eligible for asylum.  *See id.*  On July

25, 2012, the BIA upheld the I.J.'s decision and ordered Mr. Kabenga removed to the DRC.  *See*

BIA Dec. (Ex. E).  Although the BIA offered limited reasoning in support of its conclusion Mr.

Kabenga's conviction is an aggravated felony, it cited no authority concerning the specific

offense of which Mr. Kabenga was convicted.  *See id.*  Mr. Kabenga was physically removed to

the DRC on April 16, 2013.

       18.     Mr. Kabenga was not in contact with any family or friends in the DRC at the time

of his removal, as he had not lived there since 1985.  Because he had nowhere else to go, he

found a room in a hotel, where he stayed for approximately 40 days.  He eventually moved in

with a relative and the relative's wife and seven children.

---

violation of the probation that was imposed in 2002. *See* Decision and Order of the Immigration
Judge, dated March 19, 2012 ("I.J. Dec.") at 1 (Ex. D).; Decision of the Board of Immigration
Appeals, dated July 25, 2012 ("BIA Dec.") (Ex. E).

[6] The IJ Decision states that Mr. Kabenga was "sentenced to ten years for the offense." IJ Dec.
at 1 (Ex. D), without acknowledging at any point that the sentence was probated.

[7] The pages of the IJ Decision are not numbered.