UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MUSAFIRI G. KABENGA,

                Petitioner,

- against -

ERIC H. HOLDER, Jr., et al.,

                Respondents.

No. 14 Civ. 9084 (SAS)

[PROPOSED]
**STIPULATION AND ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/12/15

        WHEREAS, petitioner Musafiri Kabenga ("Kabenga"), a native and citizen of the Democratic Republic of Congo ("DRC"), lawfully entered the United States in 1985 and became a lawful permanent resident ("LPR") in 1993;

        WHEREAS, in January 2012, the U.S. Department of Homeland Security ("DHS") placed Kabenga in removal proceedings based on a conviction under Texas Penal Code § 22.02(b)(2);

        WHEREAS, in March 2012, an Immigration Judge ("IJ") ordered Kabenga removed based on that conviction;

        WHEREAS, Kabenga appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), but the BIA dismissed his appeal in July 2012, and Kabenga was removed to the DRC in April 2013;

        WHEREAS, on July 28, 2014, Kabenga returned to the United States via a flight to John F. Kennedy International Airport;

        WHEREAS, when he arrived, DHS placed Kabenga in expedited removal proceedings under 8 U.S.C. § 1225(b)(1) based on his 2012 removal order;

WHEREAS, because Kabenga claimed to be an LPR, an immigration officer referred the case to an IJ, but on November 10, 2014, the IJ affirmed the immigration officer's decision that Kabenga was not an LPR and was subject to expedited removal;

WHEREAS, on November 14, 2014, Kabenga filed a habeas petition in this Court (Docket No. 1) and sought a stay of removal (Docket No. 3);

WHEREAS, the government filed a memorandum of law in opposition to Kabenga's stay motion on December 10, 2014 (Docket No. 8), Kabenga filed a reply memorandum of law on December 17, 2014 (Docket No. 9), and, at the Court's direction on December 18, 2014 (Docket No. 10), the government and Kabenga filed responsive memoranda of law on December 24, 2014 (Docket Nos. 11 and 12);

WHEREAS, on January 2, 2015, the Court issued an opinion and order (Docket No. 13) rejecting the government's jurisdictional arguments, granting Kabenga's motion for a stay of removal, and ordering the parties to submit supplemental briefs concerning the merits of Kabenga's petition;

WHEREAS, the government filed a supplemental memorandum of law on January 20, 2015 (Docket No. 17), and Kabenga filed a reply memorandum of law on February 3, 2015 (Docket No. 18);

WHEREAS, on February 19, 2015, the Court issued an opinion and order (Docket No. 22) granting Kabenga's habeas petition and ordering that he be given a removal hearing under 8 U.S.C. § 1229a within 30 days;

WHEREAS, on March 6, 2015, Kabenga filed a habeas petition in the United States District Court for the District of New Jersey challenging his physical custody in New Jersey (the "New Jersey habeas petition");

WHEREAS, since the date of the Court's February 19, 2015, decision, the parties have engaged in negotiations concerning a stay of the Court's February 19, 2015, order during the pendency of any appeal by the government, and Kabenga's detention during that period; and

WHEREAS, the parties have consented to resolution of these issue upon the terms set forth below; now, therefore,

IT IS HEREBY STIPULATED AND AGREED, by and between the parties, as follows:

1. The Court's February 19, 2015, order that Kabenga be given a removal hearing under 8 U.S.C. § 1229a within 30 days is hereby stayed. The stay will remain in effect until either (i) the government's time to appeal has expired without the filing of a notice of appeal, or (ii) if the government files a timely notice of appeal, the issuance of a mandate by the court of appeals, whichever is later.

2. Upon the Court's entry of this stipulation and order, Kabenga shall be released from the custody of DHS, and shall not be taken into DHS's custody again during the time specified in paragraph 1.

3. Upon Kabenga's release from custody, the government shall provide Kabenga's Permanent Resident Card (i.e., "Green Card") to him, and Kabenga may retain this document during the time specified in paragraph 1.

4. Upon entry of this stipulation and order, Kabenga shall withdraw the New Jersey habeas petition with prejudice. However, if Kabenga is taken back into DHS custody, he may file a new habeas petition if there exist any non-frivolous grounds on which to challenge his detention.

5.  This Stipulation shall not constitute an admission by either party concerning either the merits of the Court's decisions or the parties' prospects for success on appeal.

6.  Kabenga and the government understand and agree that this Stipulation contains the entire agreement between and among them, and that any statements, representations, promises, agreements, or negotiations, oral or otherwise, between the parties or their counsel that are not included herein shall have no force or effect. Moreover, the rule of construction to the effect that any ambiguities in this agreement are to be resolved against the drafting party shall not be employed in the interpretation of this agreement.

New York, New York  
March 12, 2015

THE LEGAL AID SOCIETY

Attorneys for Petitioner

*[signature]*

Amy Meselson, Esq.  
199 Water Street, 3rd Floor  
New York, New York 10038  
Tel. (212) 577-3347  
Fax (646) 616-4581

New York, New York  
March 12, 2015

PREET BHARARA  
United States Attorney for the  
Southern District of New York

Attorney for Respondents

*[signature]*

Shane Cargo, Esq.  
Assistant United States Attorney  
86 Chambers Street, 3rd Floor  
New York, New York 10007  
Tel. (212) 637-2711  
Fax (212) 637-2786

So Ordered:  
*[signature]* 3/12/15  
Hon. Shira A. Scheindlin  
United States District Judge