S.D.N.Y.-N.Y.C.
14-cv-9084
Scheindlin, J.

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of November, two thousand eighteen.

Present:
    Robert A. Katzmann,
        *Chief Judge,*
    Guido Calabresi,
    Raymond J. Lohier, Jr.,
        *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Nov 20 2018

Musafiri G. Kabenga,

                *Petitioner-Appellee*,

v.                                         15-1367

Matthew G. Whitaker, Acting Attorney General of the United States, et al.,

                *Respondents-Appellants*.

Appellants move to dismiss this appeal as moot. Upon due consideration, it is hereby ORDERED that the motion to dismiss is GRANTED, the district court's judgment is VACATED, and the case is remanded with instruction to dismiss for lack of jurisdiction. The federal courts lack jurisdiction over a case, such as this one, that has become moot. *See DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974); *New York City Employees' Ret. Sys. v. Dole Food Co.*, 969 F.2d 1430, 1433 (2d Cir. 1992). "When, as here, a civil case becomes moot on appeal, due to happenstance unattributable to the actions of the parties, we must . . . vacate the district court judgment . . . [to] avoid[] giving preclusive effect to a judgment never reviewed by an appellate court." *Van Wie v. Pataki*, 267 F.3d 109, 115 (2d Cir. 2001) (internal quotation marks omitted); *see also United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 266-67 (1954) (concluding that the Attorney General does not have "the right to sidestep the [BIA] or dictate its decision in any manner").

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

CERTIFIED COPY ISSUED ON 11/20/2018